IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SECURITYNATIONAL MORTGAGE COMPANY,<br><br>                Plaintiff,<br>v.<br><br>AURORA BANK FSB (formerly known as Lehman Brothers Bank, FSB) and AURORA LOAN SERVICES LLC,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' [100] MOTION TO RECONSIDER SUMMARY JUDGMENT RULING**<br><br>Case No. 2:11-cv-00434 DN<br><br>Judge David Nuffer |

Defendants Aurora Bank FSB ("Aurora") and Aurora Loan Services, LLC ("Aurora Loan Services") moved for reconsideration[1] of the Summary of Facts, Conclusions of Law and Order Granting SecurityNational's Motion for Summary Judgment ("Order").[2]

Defendants' first objection to the Order is that "¶¶ 21-24, of the Order . . . addressed an issue concerning the LPA that had not been part of this case previous [to oral argument] and thus had not been briefed by the parties." The objection is well-taken and the amended order will omit those paragraphs. Deletion does not imply validity or invalidity of the reasoning in those paragraphs.

Defendants pointed to two cases as authority[3] for the position contrary to that taken in the order. Defendants rely on *LBHI v. Cornerstone Mortgage Co.*[4] to claim that the assigned

---

[1] Defendants' Motion to Reconsider Summary Judgment Ruling ("Motion"), docket no. 100, filed May 27, 2014.

[2] Docket no. 94, filed May 6, 2014.

[3] Defendants refer to three other cases in a footnote. *Caribe Carriers, Ltd. v. C.E. Heath & Co.*, 784 F.Supp. 1119 (S.D.N.Y. 1992); *Nat'l Commercial Bank & Trust Co. v. Malik*, 339 N.Y.S.2d 605, 608 (N.Y. Sup. Ct. 1972); and *Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 294 F.3d 148, 154-55 (D.C. Cir. 2002). They all stand for the general undisputed proposition that an assignee has the rights of the assignor.

[4] No. H-09-0672, 2011 WL 649139, at *16 (S.D. Tex. Feb. 10, 2011). This case was first presented in Defendants'

Indemnification Agreement gives LBHI a right of indemnity. "LBHI may recover for the same losses that Lehman Bank would have suffered 'had [Lehman Bank] retained the loans and not assigned its rights.'"[5] There are critical factual distinctions. Most importantly, the *Cornerstone* Indemnification Agreement did not have party identification in the indemnity clause that limited its effect to the party corresponding to LBB. Second, the party in LBB's shoes in the *Cornerstone* case had not assigned and sold its position without recourse as LBB did here. Third, the party in SecurityNational's position in Cornerstone was aware of the transactions between the parties corresponding to LBB and LBHI. Finally, the language of the Indemnification Agreement in our case, as examined in the Order, evidences an intention and agreement to indemnify only LBB, Aurora and the Servicer.

Defendants also rely on a Magistrate Judge's Report and Recommendation ("R&R")[6] for the position that an "assignee of contract rights governing a loan may recover damages that would have been recoverable by the assignor if the rights had not been assigned."[7] The pages of the R&R relied on[8] have very cursory analysis. The R&R examines[9] the document in question in that case, which had provisions not present here. An objection was filed to the R&R but the R&R was never reviewed by a district judge, because the case settled.[10]

---

Proposed Conclusions of Law at 8, docket no. 86, filed March 29, 2013.

[5] Motion at 3 (alteration in original) (quoting *Cornerstone*, 2011 WL 649139, at *16.

[6] Report and Recommendation, *Lehman Brothers Holdings, Inc. v. Acceptance Capital Mortgage Corporation*, No. CV 12-0900-TUC-RCC (JR), (D. Ariz. May 29, 2014).

[7] Notice of Supplemental Authority in Support of Defendants' Motion to Reconsider Summary Judgment Ruling ("Notice of Supplemental Authority") at 2, docket no. 108, filed June 5, 2014.

[8] R&R at 8-9. *See* Notice of Supplemental Authority at 2.

[9] *Id.* at 10.

[10] Order, *Lehman Brothers Holdings, Inc. v. Acceptance Capital Mortgage Corporation*, No. CV 12-0900-TUC-RCC (JR), (D. Ariz. Sept. 29, 2014).

Defendants claim that the Order "ignores the definition of 'LBB' that is set forth in the Indemnification Agreement."[11] However, the Order quotes this language[12] and discusses it.[13] And the Order discusses in detail the reasons that "LBB" in the Indemnification Agreement cannot include LBHI.[14] Defendants ignore that part of the Order and ignore the additional uses of "LBB" in the Indemnification Agreement recitals[15] which clearly exclude LBHI. It makes no sense to read "LBB" in the Indemnification Agreement as including "LBHI." The Order will be amended to refer to the recitals' inconsistency with Defendants' argument.

## ORDER

IT IS HEREBY ORDERED that Defendants' Motion to Reconsider Summary Judgment Ruling[16] is GRANTED IN PART and DENIED IN PART as provided herein.

Dated December 23, 2014.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[11] Motion at 9.

[12] Order at 5.

[13] Order at 19-20, ¶ 5 of the Conclusions of Law.

[14] Order at 22-24, ¶¶ 13-20 of the Conclusions of Law.

[15] Indemnification Agreement at 1, docket no. 47-4, filed under seal September 4, 2012.

[16] Docket no. 100, filed May 27, 2014.